IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MISTY SIMMS, next friend of
Caelan Jantuah, an infant, and
MISTY SIMMS, individually

       Plaintiffs,

v.            CIVIL ACTION NO.   3:11-0932

THE UNITED STATES OF AMERICA,

       Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the Court are the following motions: Plaintiffs' Motion *in Limine* No. 1 (ECF No. 119), Plaintiffs' Motion *in Limine* No. 2 (ECF No. 120), Plaintiffs' Motion for Partial Summary Judgment on the Issue of Set Off of Damages (ECF No.127), Plaintiffs' Motion *in Limine* No. 7 (ECF No. 175), Plaintiffs' Motion *in Limine* No. 8 (ECF No. 176), and Plaintiffs' Motion *in Limine* No. 9 (ECF No. 177).

## I. Motions in Limine

Plaintiffs' Motion *in Limine* No. 1 (ECF No. 119) and Plaintiffs' Motion *in Limine* No. 2 (ECF No. 120) seek to exclude evidence of collateral source payments and evidence regarding reversionary trust mechanisms.   Such evidence is not relevant at trial but may become relevant in the event of a verdict for the p laintiffs.   Accordingly, these motions are premature and are **DENIED WITHOUT PREJUDICE**.

Plaintiffs' Motion *in Limine* No. 7 (ECF No. 175), Plaintiffs' Motion *in Limine* No. 8 (ECF No. 176), and Plaintiffs' Motion *in Limine* No. 9 (ECF No. 177) were filed on January 3, 2015.

The government has not yet responded to these motions. Plaintiffs intend to supplement Motion *in Limine* No. 8 and Motion *in Limine* No. 9 in response to the Court's ruling in the instant order. The Court thus **DIRECTS** Plaintiffs to file any supplemental motions on or before **January 7, 2015**. Responses to all three motions *in limine* are due on or before **January 19, 2015**, with any replies due on or before **January 22, 2015**.

## II. Partial Motion for Summary Judgment

Plaintiffs moved for partial summary judgment on the issue of set-off damages. Plaintiffs argue that the government is not entitled to a set-off from damages based on the portions of Caelan Jantuah's medical bills that have been paid by Medicaid and written off by medical care providers. ECF No. 127. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

### A. Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a

showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. "'[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.'" *Proctor v. Prince George's Hosp. Ctr.*, 32 F. Supp. 2d 820, 822 (D. Md. 1998) (quoting *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)).

### B. Discussion

Under West Virginia law, a victim of tortious conduct is "entitled to recover the reasonable value of the medical services that were necessary and caused by the defendant's misconduct." *Kenney v. Liston*, 760 S.E.2d 434, 439 (W. Va. 2014). Generally, medical bills serve as proof of the reasonable value of medical services rendered. *Id.* at 437. As the court explained in *Kenney v. Linston*, the initial cost of the plaintiff's medical bills serves as the measure of damages:

> The plaintiff may recover the full amount of his or her reasonable and necessary medical expenses, even if those expenses were later discounted and a portion written off by the health care provider. Regardless of how, or even whether, the plaintiff's obligation to the medical provider was later discharged, the plaintiff became liable for the bills when the services were received; the plaintiff is therefore entitled to recover the value of the services. . . . This recovery is for the reasonable value of the services and not for the expenditures actually made or obligations incurred.

*Kenney*, 760 S.E.2d at 445-46. In sum, the full amount of a plaintiff's medical bills, regardless of insurance payments and write-offs, represents the reasonable value of the medical services rendered. *See id.* Therefore, the amount of Plaintiffs' damages in the present case is the total amount of Caelan Jantuah's medical bills before Medicaid payments and write-offs.

The Government maintains that it is entitled to at least a partial set-off of this total amount because it cannot be required to pay damages for "services for which it has already paid." ECF No. 141. Under West Virginia's collateral source rule, payments made to a plaintiff "from sources other than the tortfeasor" do not reduce or set off the tortfeasor's liability to the plaintiff. *Kenney*, 760 S.E.2d at 440. This includes payments from Medicaid and gratuitous payments or write-offs. *Id.* at 442-444. The government argues that the collateral source rule does not apply to the payments made by Medicaid towards Caelan's medical bills because the government is both the alleged tortfeasor and the party responsible for making these payments. Thus, the Government argues, it is entitled to a set-off in the amount of these payments.

The Court disagrees. The Government cites *Brooks v. United States* for the proposition that the United States cannot be forced "to pay twice for the same injury." *Brooks v. United States*, 337 U.S. 49, 54 (1949). In *Brooks*, the Court discussed in dicta whether the United States was entitled to a reduction in damages in a tort action where it had previously made payments to the plaintiffs through the Veterans' Administration and other agencies. *Id.* In *Brooks*, it was clear that any payments that might be set off were made by agencies of the federal government. *See id.* Here, the West Virginia state Medicaid program paid portions of Caelan's medical bills. ECF No. 127. Federal contributions to the state Medicaid program do not turn state payments into federal payments. The state of West Virginia is responsible for administering the state Medicaid program and paying health care providers. The state system also sets rates for reimbursement. Finally, the state Medicaid program has the lien against any award to Plaintiffs here. Thus, it is the state, and not the alleged tortfeasor, that made payments on Caelan's medical bills. The collateral source rule thus acts to prevent any set-off of damages for the amounts already paid.

Although the traditional collateral source rule does not permit a set-off here, the Court must consider West Virginia Code Section 55-7B-9a, which reduces damages based on payments from certain collateral sources in medical malpractice actions. The statute instructs courts to "subtract the net amount of collateral source payments received or to be received by the plaintiff in each category of economic loss from the total amount of damages awarded." W. Va. Code § 55-7B-9a(e) (2003). The courts must not, however, reduce the total amount of damages to reflect payments "which the collateral source has a right to recover from the plaintiff through subrogation, lien or reimbursement." W. Va. Code § 55-7B-9a(g)(1).

Here, the West Virginia state Medicaid program has a subrogation lien against any verdict in Plaintiffs' favor. Thus, pursuant to Section 55-7B-9a(g)(1), the payments made by Medicaid on Caelan Jantuah's medical bills are not to be reduced from Plaintiffs' total damages. The government is therefore not entitled to a set-off as a matter of law. Accordingly, there is no genuine issue of material fact for trial on the issue of set-off damages. For this reason, Plaintiffs' Motion for Partial Summary Judgment (ECF No.127) is **GRANTED**.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion *in Limine* No. 1 (ECF No. 119) and Plaintiffs' Motion *in Limine* No. 2 (ECF No. 120) are **DENIED WITHOUT PREJUDICE**. Plaintiffs' Motion for Partial Summary Judgment on the Issue of Set Off of Damages (ECF No.127) is **GRANTED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: January 8, 2015

ROBERT C. CHAMBERS, CHIEF JUDGE